WESTERN DISTRICT OF NEW YORK
UNITED STATES DISTRICT COUR
----------------------------------------------------------X
HORIZON CAPITAL NY L.P.,

                                                  26 Civ. 660

                    *Plaintiff*,
  – against –

AMERIMED EMERGENCY MEDICAL
SERVICES d/b/a AMERIMED EMS,
QUIKMEDIC, LLC, PRIORITY SPRINTERS
LLC, AMERIMED MEDICAL SOLUTIONS
LLC, and ARTHUR DIXON MARLOW II,

                    *Defendants*.
----------------------------------------------------------X

## NOTICE OF REMOVAL

      Defendants AMERIMED EMERGENCY MEDICAL SERVICES LLC and

ARTHUR DIXON MARLOW II (collectively, "Removing Defendants"), by their

undersigned counsel, hereby remove to this Court the state court action pending in

the Supreme Court of the State of New York, County of Monroe, entitled *Horizon*

*Capital NY L.P. v. Amerimed Emergency Medical Services d/b/a Amerimed EMS,*

*et al.*, Index No. E2026005152 (the "Action"), pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446, and state as follows:

      1.      A copy of all process, pleadings, and papers served upon Defendants in

the Action in state court is annexed hereto as Exhibit 1.

      2.      On or about March 2, 2026, Plaintiff commenced this Action in the

Supreme Court of the State of New York, County of Monroe, by filing a summons

and verified complaint.

      3.      On March 3, 2026, Plaintiff purportedly served the Summons and

Complaint on all Defendants by certified mail, return receipt requested, in

accordance with Section 20 of the Agreement, to their respective addresses. *See* Exhibit 1.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Plaintiff Horizon Capital NY L.P. is a limited partnership whose citizenship is determined by the citizenship of each of its partners. Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, the partners of Horizon Capital NY L.P. are citizens of the state of New York and, accordingly, Horizon Capital NY L.P. is a citizen of New York. *See* Fed. R. Civ. P. 11(b)(3) ("the factual contentions  . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

6.      Defendant Defendant Arthur Dixon Marlow II is a citizen of Georgia as he is domiciled in the state of Georgia.

7.      Defendants Amerimed Emergency Medical Services d/b/a Amerimed EMS, Priority Sprinters LLC, and Amerimed Medical Solutions LLC are each limited liability companies whose sole member is Defendant Arthur Dixon Marlow II. Accordingly, each of these entities is a citizen of the State of Georgia.

8.      Defendant Quikmedic, LLC is a limited liability company that has as its members:  Amerimed Medical Solutions LLC, a member with 51% of membership interests (which in turn is owned solely by Arthur Dixon Marlow II, a

citizen of Georgia), and WellBe Senior Medical LLC, a member with 49% of membership interests.

9.    Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, WellBe Senior Medical LLC is a limited liability company that has as its members:  Jeffrey Kang, a natural person domiciled in Florida, and Chicago Pacific Founders Capital Management, LLC.

10.    Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, Chicago Pacific Founders Capital Management, LLC has as its principal place of business located at 980 North Michigan Avenue, Suite 1998, Chicago, Illinois 60611 and no member of Chicago Pacific Founders Capital Management, LLC is a citizen of the state of Georgia.  *See* Fed. R. Civ. P. 11(b)(3) ("the factual contentions  . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

11.    Accordingly, complete diversity exists because Plaintiff is a citizen of a state different from all Defendants.

12.    The amount in controversy exceeds $75,000. Plaintiff seeks damages in the aggregate amount of approximately $3,120,013.43, exclusive of interest, costs, and attorneys' fees.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Action was pending in Monroe County, which lies within the Western District of New York.

14.   Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after Defendants' receipt of the initial pleading setting forth the claim for relief.

15.   All Defendants who have been properly joined and served consent to the removal of this Action.

16.   Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Monroe.

**WHEREFORE**, Defendants respectfully remove this Action from the Supreme Court of the State of New York, County of Monroe, to the United States District Court for the Western District of New York.

Dated: April 2, 2026
Rochester, New York

GOODWIN LAW FIRM
Attorneys for Defendants
By: /s/ *Brian Goodwin*
Brian Goodwin
75 South Clinton Square
Suite 510
Rochester, NY 14604